UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| CITY OF COWAN, TENNESSEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-055 |
| ) | Phillips |
| CITY OF WINCHESTER, ) | |
| TENNESSEE, and BOARD OF ) | |
| PUBLIC UTILITIES OF THE CITY ) | |
| OF WINCHESTER d/b/a WINCHESTER) | |
| UTILITY SYSTEM, ) | |

## **MEMORANDUM AND ORDER**

Pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54, the City of Cowan has filed a motion for reasonable attorneys' fees and expenses [Doc. 48] following this Court's entry of judgment in favor of the City of Cowan on its claims under 7 U.S.C. § 1926(b) and 42 U.S.C. § 1983 [Doc. 46]. The City of Cowan has filed a memorandum in support of the motion for attorney fees with the supporting declarations and exhibits of Benjamin A. Gastel and Professor Dean Hill Rivkin [Doc. 49]. No response or opposition to the pending motion has been filed and the time for doing so has long passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

Pursuant to 42 U.S.C. § 1988(b), a "prevailing party" may recover reasonable attorneys' fees and expenses to enforce rights pursuant to 42 U.S.C. § 1983. This Court concluded that the City of Cowan was entitled to judgment as a matter of law as to its § 1983 claim for violation of rights protected by 7 U.S.C. § 1926(b) [Doc. 45 at p. 21].

Accordingly, the City of Cowan succeeded on a significant issue in the litigation which achieved some of the benefit sought in bringing this lawsuit and is the prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The plaintiff's motion carefully and accurately sets forth the lodestar calculation, *i.e.*, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.*; *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). The Court finds that the hourly rates charged by the attorneys for the City of Cowan are reasonable in light of the prevailing market rates within this district for lawyers with comparable skill and experience. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). Upon review of the billing records submitted with Mr. Gastel's declaration, the Court further finds that the number of hours expended is reasonable and does not include excessive, redundant, or otherwise unnecessary hours. *Village of Sebring*, 36 F.3d at 531 (citing *Hensley*, 461 U.S. at 434). Finally, the Court finds that the requested costs and fees for preparing the fee petition are reasonable.

Accordingly, plaintiff's unopposed motion for reasonable attorneys' fees and expenses [Doc. 48] is **GRANTED**. The City of Cowan is **AWARDED** sixty-three thousand eight hundred forty-eight dollars and twenty-four cents ($63,848.24) in attorneys' fees and costs.

IT IS SO ORDERED.

                                              s/ Thomas W. Phillips
                                        SENIOR UNITED STATES DISTRICT JUDGE